The Chase Manhattan Bank, N.A. *v.*
Stephanie W. Shea
(9181)

O'Connell, Foti and Heiman, Js.

Argued January 9—decision released February 26, 1991

*Steven R. Humphrey,* with whom were *Katherine B. Larson* and, on the brief, *David W. Bogan,* for the appellant (plaintiff).

*John L. Altieri, Jr.,* pro hac vice, with whom were *Brian Fitzpatrick,* pro hac vice, and, on the brief, *Michael Gene Clear,* for the appellee (defendant).

Per Curiam. The plaintiff appeals from the order of the trial court granting the defendant's motion, filed pursuant to General Statutes § 52-278e (c), to dissolve an ex parte prejudgment attachment of her real estate in the amount of $9,000,000. The only significant issue[1] on appeal is whether the trial court improperly found

---

[1] The plaintiff has raised three additional issues, contending that the trial court improperly (1) failed to find that the defendant had waived her fifth amendment privilege, (2) refused to draw an adverse inference from her refusal to testify, and (3) refused to compel the defendant to produce certain corporate documents. We have reviewed these issues and find that the plaintiff's claims have no merit.

that the plaintiff failed to establish that probable cause existed to support the validity of the plaintiff's claim. We affirm the judgment of the trial court.

The plaintiff, The Chase Manhattan Bank, N.A. (Chase), loaned $8,275,000 to a corporation in the form of a series of bankers' acceptance drafts, repayment of which was guaranteed by a second corporation. Both corporations are controlled by the same individuals, the defendant being the president and a director of both, and another individual being principal officer and chairman of both companies. Both companies are in bankruptcy, and the loan has not been repaid. Chase commenced this action against the defendant alleging that she made fraudulent misrepresentations that induced it to make the loan. The defendant signed all documents in her capacity as a corporate officer.

The standard for appellate review of a decision denying a prejudgment remedy is very circumscribed. In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had the opportunity to assess the legal issues and weigh the credibility of the witnesses. See *New England Land Co., Ltd.* v. *DeMarkey,* 213 Conn. 612, 620–21, 569 A.2d 1098 (1990). We need decide only whether the trial court's conclusions were reasonable under the "clear error" standard; *Solomon* v. *Aberman,* 196 Conn. 359, 364, 493 A.2d 193 (1985); and we may not duplicate the trial court's weighing process. *Green* v. *Holy Trinity Church of God in Christ,* 16 Conn. App. 700, 703, 549 A.2d 281 (1988).

The role of the trial court in deciding a motion to dissolve a prejudgment attachment is to determine whether probable cause exists, which requires only that it weigh the evidence presented and determine probable success by weighing probabilities. *Lovesky* v. *Zeligzon,* 20 Conn. App. 139, 142, 565 A.2d 1 (1989).

"Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false." *Anderson* v. *Nedovich,* 19 Conn. App. 85, 88, 561 A.2d 948 (1989). "The legal idea of probable cause is a *bona fide* belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." *Wall* v. *Toomey,* 52 Conn. 35, 36 (1884); *Banks* v. *Vito,* 19 Conn. App. 256, 260–61, 562 A.2d 71 (1989).

After thirteen days of trial including nine witnesses and fifty-three exhibits, the court filed a concise and well reasoned memorandum of decision, concluding that the plaintiff had failed to sustain its burden of showing probable cause. The court analyzed each of the ways that Chase has alleged that it was defrauded by Shea—that she misrepresented that a merger of the two companies had taken place, that in several cases there was no collateral for the loan, that there was no matching of purchases and sales as promised, and that several sales had been financed by another bank. The court properly considered the law of false misrepresentation, as governed by the law of the state of New York,[2] and applied that law to the facts it had found. Our review of the record causes us to conclude that the determinations of the trial court are amply supported by the evidence, or lack of evidence, and are reasonable. See *Sweet* v. *Sumnerbrook Mill Development Corporation,* 21 Conn. App. 191, 196, 572 A.2d 385 (1990).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The alleged fraud is claimed to have occurred in New York.