HOTZ CORPORATION *v.* JOSEPH F. CARABETTA ET AL. (14668)

CALLAHAN, BORDEN, BERDON, KATZ and PALMER, Js.

Argued June 10—decision released August 3, 1993

*Dominic J. Aprile,* pro hac vice, with whom was *Thomas E. Katon,* for the appellants (defendants).

*Thomas G. Librizzi,* with whom, on the brief, was *Brian Preleski,* for the appellee (plaintiff).

PER CURIAM. The principal issue in this appeal is whether the defendants, Joseph F. Carabetta and Carabetta Enterprises, Inc. (Carabetta Enterprises), were afforded "the right to appear and be heard," pur-

suant to General Statutes § 52-278d (a),[1] before the trial court granted the plaintiff Hotz Corporation's application for prejudgment remedy.

The following facts are relevant to the disposition of this appeal. In November, 1988, the plaintiff entered into a written subcontract with Carabetta Builders, Inc. (Carabetta Builders),[2] to fabricate and supply structural steel, joists and metal decking for the construction of a high-rise condominium project in New Jersey. A dispute arose between the parties concerning the delivery of the steel and payment for it. Pursuant to the terms of the subcontract, the parties proceeded to arbitration. During arbitration, the plaintiff sought damages for breach of the subcontract by Carabetta Builders, claiming that it had failed to tender timely payments to the plaintiff. Carabetta Builders counterclaimed, seeking damages for the plaintiff's alleged failure to compute a lump sum contract price and to fabricate sufficient building materials as provided in the subcontract. On July 12, 1989, Joseph Carabetta allegedly personally guaranteed full payment to the plaintiff of all sums owed under the subcontract. The arbitrator subsequently awarded $2,470,701 in favor

[1] General Statutes § 52-278d (a) provides: "The defendant shall have the right to appear and be heard at the hearing. The hearing shall be limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim. If the court, upon consideration of the facts before it, finds that the plaintiff has shown probable cause to sustain the validity of his claim, then the prejudgment remedy applied for shall be granted as requested or as modified by the court unless the prejudgment remedy or application for such prejudgment remedy was dismissed or withdrawn pursuant to the provisions of section 52-278j."

[2] Carabetta Builders is a wholly owned subsidiary of Carabetta Enterprises. The defendants contend that Carabetta Enterprises and Carabetta Builders are distinct corporate entities and that it was improper for the trial court to find probable cause to order a prejudgment attachment against Joseph Carabetta and Carabetta Enterprises. In view of our decision to remand the case to the trial court for a probable cause hearing, we need not address this issue.

of the plaintiff. The trial court, *Schaller, J.,* confirmed the award and denied Carabetta Builders' application to vacate the award.[3]

The plaintiff made a demand to Joseph Carabetta for payment, and when payment was not forthcoming, the plaintiff filed an application for prejudgment remedy,[4] which is the subject of this appeal. In the unsigned complaint filed with the application, the plaintiff alleged that it had suspended the fabrication and shipment of steel under the subcontract when Carabetta Builders failed to pay past due amounts, that the arbitrator of disputes between the parties had awarded $2,470,701 in its favor, and that Joseph Carabetta had breached the guarantee agreement by refusing to pay the plaintiff any part of the arbitration award. In addition, the plaintiff alleged that Carabetta Enterprises was liable for the judgment against Carabetta Builders because the two corporate entities were "indistinguishable," because Carabetta Enterprises "was directly involved in the day to day administration of the [s]ubcontract," and because Carabetta Enterprises had advised the plaintiff, in writing, that it could rely upon the finan-

---

[3] Carabetta Builders appealed the confirmation of the award to the Appellate Court, which affirmed the decision of the trial court. *Carabetta Builders, Inc.* v. *Hotz Corporation,* 30 Conn. App. 157, 619 A.2d 13 (1993).

[4] General Statutes § 52-278c requires that "any person desiring to secure a prejudgment remedy shall attach his proposed unsigned writ, summons and complaint to the following documents:

"(1) An application . . . for the prejudgment remedy requested;

"(2) An affidavit . . . setting forth a statement of facts sufficient to show that there is probable cause that judgment will be rendered in the matter in favor of the plaintiff;

"(3) A form of order that a hearing be held before the court or a judge thereof to determine whether or not the prejudgment remedy requested should be granted and that notice of such hearing be given to the defendant;

"(4) A form of summons directed to a proper officer commanding him to serve upon the defendant at least four days prior to the date of the hearing . . . the application, a true and attested copy of the writ, summons and complaint, such affidavit and the order and notice of hearing. . . ."

cial strength and assets of Carabetta Enterprises to ensure payment of all sums owed under the subcontract.

On March 30, 1992, the trial court, *DeMayo, J.,* held a hearing, at which the defendants filed a motion to stay pending arbitration of issues relating to Joseph Carabetta's alleged personal guarantee and a memorandum in opposition to the plaintiff's application for prejudgment remedy. On April 29, 1992, the trial court granted the plaintiff's application for prejudgment remedy in the amount of $2,750,000. The trial court did not rule on the motion to stay pending arbitration. The defendants appealed from the trial court's order granting the plaintiff's application for prejudgment remedy to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We reverse the order of the trial court.

Section 52-278d (a) mandates that "[t]he defendant shall have the right to appear and be heard at the hearing . . . to [determine] whether . . . there is probable cause to sustain the validity of the plaintiff's claim." The defendants claim that the trial court violated this statutory mandate and deprived them of due process of law under the state and federal constitutions when it granted the plaintiff's application for prejudgment remedy without first holding an evidentiary hearing. The plaintiff insists that the defendants received a hearing to establish probable cause on March 30, 1992, prior to the issuance of the prejudgment remedy. The plaintiff argues that the hearing satisfied § 52-278d (a) and state and federal due process protections because the defendants were represented by counsel, submitted factual affidavits and made legal argument.

At present, we need not determine whether a court session at which the parties are represented by coun-

sel, introduce affidavits and make legal argument generally constitutes a "hearing" within the meaning of § 52-278d (a) and sufficiently safeguards against the deprivation of property without due process of law. Rather, in view of the particular facts of this case, we conclude that it was improper for the trial court to grant the plaintiff's application for prejudgment remedy without first ruling on the stay, and in the event that the stay was denied, without first holding an evidentiary hearing. The defendants had indicated to both the trial court and opposing counsel that they intended to introduce evidence in opposition to the application for prejudgment remedy, which raised a substantial issue concerning probable cause, should the trial court deny the defendants' motion to stay pending arbitration.

The defendants filed their memorandum in opposition to the plaintiff's application for prejudgment remedy and their motion to stay pending arbitration on March 30, 1992, the date of the hearing. In both written documents and throughout argument before the trial court, counsel for the parties focused almost exclusively on whether the proceedings should be stayed pending arbitration of issues related to Joseph Carabetta's alleged personal guarantee. Following the hearing, the plaintiff filed a supplemental memorandum in support of its application for prejudgment remedy. Again, the plaintiff refuted the defendants' claim that the proceedings should be stayed pending arbitration. The defendants then filed a reply memorandum in which they indicated on at least three occasions that they intended to introduce evidence in opposition to the application for prejudgment remedy in the event that the trial court denied the motion to stay pending arbitration. Despite the fact that the hearing on March 30, 1992, focused almost exclusively on whether the proceedings should be stayed pending arbitration, and

despite the defendants' express reservation of the right to introduce evidence should the trial court deny the motion to stay, the trial court granted the application for prejudgment remedy without ruling on the motion to stay and without affording the defendants an opportunity to be heard on the issue of probable cause as required by § 52-278d (a). Accordingly, we conclude that in view of the particular facts of this case, the trial court improperly granted the plaintiff's application for prejudgment remedy without first ruling on the stay and without giving the defendants the opportunity to present evidence in opposition to the plaintiff's motion for prejudgment remedy.

The trial court's order of prejudgment remedy is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.