[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
The plaintiff has moved to compel the defendant to answer the complaint. The defendant has declined to answer on the grounds that her answers might tend to incriminate her and thus violate her privilege against compelled self incrimination under theFifth Amendment of the United States constitution. The defendant specifically alleges that while a previously pending prosecution against her in New York State has been withdrawn by the prosecutorial authorities, there is no evidence of a dismissal of the charge on a full and final basis and she has been given no immunity from prosecution. Thus, the possibility exists that the charge could be revived against her. Moreover, the defendant argues that because both parties are Connecticut based she may be subject to prosecution in Connecticut. Thus, it appears that there is a real possibility that evidentiary and judicial admissions made in this proceeding will have an incriminating effect. State v. Williams, 200 Conn. 310, 319 (1986). The court is satisfied that such admissions could forge a link in the chain of evidence needed to prosecute. Hoffman v. United States, 95 L.Ed. 1118 (1951). While the privilege generally applies to oral communications it can also apply to written communications especially where the written communication contains a testimonial component. Fisher v. United States, 77 L.Ed.2d 281 (1983). Sometimes a refusal to answer the allegations of a complaint can be considered a "nugatory answer" and will constitute an admission. Williamson Ltd. v. Perry,111 Conn. 317, 324 (1930). In this case the defendant's constitutional privilege overrides this principle and requires the opposite result. Accordingly, all special denials contained in the answer which assert the Fifth Amendment privilege are deemed to be general denials of each and every allegation of the complaint. P.B. 160 CT Page 2548 and 161.
 II.
The plaintiff has also moved for an order compelling the defendant to produce documents and to compel answers to the plaintiff's request for admissions.
A. THE REQUEST FOR PRODUCTION
As a threshold argument the plaintiff asserts that the objection to its request for production was untimely since P.B. 228(b) requires that a request for extension of time be filed within the initial thirty day period. The operative days are as follows: a) request for production, June 25, 1990; b) request for extension of time, September 28, 1990; c) objection to request for production, November 30, 1990.
It can be seen from these dates that the objection was not timely filed and thus it could be argued than the defendant has waived her right to assert her Fifth Amendment privilege. For the reasons that follow it is unnecessary for the court to decide this issue.
a. Corporate Documents
The disposition of this issue seems to be controlled squarely by our Appellate Court's decision in Chase Manhattan Bank, N.A. v. Shea, 24 Conn. App. 169 n. 1 wherein the court affirmed this court's decision on the plaintiff's application for prejudgment remedy. (Lewis, J.) refusing to compel the defendant to produce corporate documents. As far as this court has been able to ascertain, the corporate documents sought to be produced before Judge Lewis are the same corporate documents which the plaintiff now seeks. An examination of the records and briefs before the Appellate Court indicates that the issues before that court with respect to these documents include an issue that is identical to the issue that is before the court today. Accordingly, the request for production of corporate documents is denied.
b. Personal Documents
The plaintiff has moved to compel the defendant to produce certain personal documents including tax returns, documents used in the preparation thereof personal journals, bank and brokerage CT Page 2549 statements. Under Fisher v. United States, supra, the United States Supreme Court has held that the Fifth Amendment privilege does not extend to an individual's personal income tax returns because the act of production would have only minimal testimonial value and would not operate to incriminate the taxpayer. Moreover, as the court pointed out in United States v. Doe, 79 L.Ed.2d 552,557 (1984) such documents are required to be kept by law and to be disclosed to a public agency. Thus, the motion to compel is granted as to the defendant's personal income tax returns.
The second category of documents is comprised of those which have been voluntarily prepared, and unlike income tax returns, have been compiled voluntarily and without compulsion. This category of documents is comprised of notes made in aid of the preparation of individual tax returns, personal journals and the like. In assessing the right to production of these documents the court must engage in a twofold inquiry. First, the court must determine whether the act of production of these records would carry with it a testimonial admission of the existence of the papers, their possession or control and their authenticity. Second, the court must determine whether such an admission would furnish to the government evidence of an element essential to the prosecution of the government's case; namely, that the documents in question exist and that the defendant is in possession or control of the documents. In this case, while the act of producing these personal documents would undoubtedly carry with it a cloak of authenticity, the defendant has made no showing that the act of production would forge a link in the chain of evidence needed by the New York or Connecticut authorities to prosecute. Hoffman v. United States, supra. The motion to compel production of all personal documents is granted.
B. THE REQUEST FOR ADMISSIONS
The court has carefully examined the file and has determined that the defendant's objection to the request for admissions was filed within the thirty days required by P.B. 238(b) because the last day for filing was on August 11, a Saturday, giving the defendant until August 13, the next business day.
With respect to the plaintiff's numerous requests for admission the defendant has uniformly asserted her Fifth Amendment privilege. Under the circumstances described in I. above the court perceives no functional difference between being compelled to answer the allegations of the complaint on the one hand and being CT Page 2550 compelled to make written admissions under oath. Each exercise directly implicates the defendant's rights under theFifth Amendment, United States v. Doe, supra.
The motion to compel answers to the plaintiff's request for admissions is denied.
MOTTOLESE, J.