RONALD NASH ET AL. *v.* THE WEED AND DURYEA COMPANY ET AL.
(15284)

Peters, C. J., and Callahan, Borden, Katz and Palmer, Js.

Argued March 20—officially released April 30, 1996

*Bruce L. Elstein*, with whom, on the brief, was *Henry Elstein*, for the appellants (named defendant et al.).

*Kenneth E. Lenz*, for the appellee (named plaintiff).

PER CURIAM. The sole issue in this appeal is whether the trial court abused its discretion in granting a prejudgment remedy in an action to recover unpaid commissions. The plaintiffs, Ronald Nash and Scalzo Realty, Inc., brought an action in several counts against the defendants, The Weed and Duryea Company, Peter G. Huidekoper, Jan E. Cohen and Arnold H. Foster, for breach of contract, unjust enrichment and tortious interference with the plaintiffs' rights to commissions arising out of the sale of the business and assets of The Weed and Duryea Company. Pursuant to General Statutes § 52-278d,[1] the plaintiffs filed an application for a prejudgment remedy. After a hearing, the trial court issued an order granting a prejudgment remedy

---

[1] General Statutes § 52-278d provides in relevant part: "Hearing on prejudgment remedy application. Determination by the court. Service of process. Stay of order. Posting of bond by plaintiff. (a) The defendant shall have the right to appear and be heard at the hearing. The hearing shall be limited to a determination of (1) whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff, (2) whether payment of any judgment that may be rendered against the defendant is adequately secured by insurance, (3) whether the property sought to be subjected to the prejudgment remedy is exempt from execution, and (4) if the court finds that the application for the prejudgment remedy should be granted, whether the plaintiff should be required to post a bond to secure the defendant against damages that may result from the prejudgment remedy or whether the defendant should be allowed to substitute a bond for the prejudgment remedy. If the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court. . . ."

to Nash in the amount of $150,000 and denying a prejudgment remedy to Scalzo Realty. In accordance with General Statutes § 52-278*l*,[2] the defendants filed a timely appeal in the Appellate Court, which we transferred to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The defendants argue that the trial court improperly ordered a prejudgment remedy in favor of Nash because, in their view, Nash had no right, as a matter of law, to a commission on the sale of the business and assets of The Weed and Duryea Company. This argument is premised on the proposition that the sale of The Weed and Duryea Company principally involved the sale of real estate, and on the fact that Nash admittedly has no license to broker or to sell real estate in Connecticut. See General Statutes § 20-325a.[3]

The trial court, however, agreed with Nash that the business sales contract on which Nash seeks to recover a commission "does not concern real property." The contract between Nash and The Weed and Duryea Company expressly provided that any part of the overall sales transaction affecting the transfer of real property would be covered under a separate real estate adden-

---

[2] General Statutes § 52-278*l* provides in relevant part: "Appeal. (a) An order (1) granting or denying a prejudgment remedy following a hearing under section 52-278d . . . shall be deemed a final judgment for purposes of appeal.

"(b) No such appeal shall be taken except within seven days of the rendering of the order from which the appeal is to be taken."

[3] General Statutes § 20-325a provides in relevant part: "Actions to recover commissions arising out of real estate transactions. . . . (a) No person who is not licensed under the provisions of this chapter, and who was not so licensed at the time he performed the acts or rendered the services for which recovery is sought, shall commence or bring any action in any court of this state, after October 1, 1971, to recover any commission, compensation or other payment in respect of any act done or service rendered by him, the doing or rendering of which is prohibited under the provisions of this chapter except by persons duly licensed under this chapter."

dum. Accordingly, the defendants thereafter entered into a separate contract with Scalzo Realty, Inc., a licensed real estate broker, for the sale of the real estate. Furthermore, the trial court found that the commission claimed by Nash "does not include the value of the real property . . . ." On this basis, the trial court determined that there was "sufficient evidence to find probable cause that Nash will be successful on his commission claim."

In the absence of a procedural flaw in prejudgment remedy proceedings; see, e.g., *Hotz Corp.* v. *Carabetta*, 226 Conn. 812, 816–17, 629 A.2d 377 (1993); appellate courts have only a limited role to play in reviewing a trial court's broad discretion to deny or to grant a prejudgment remedy. "It is the trial court that must determine, in light of its assessment of the legal issues and the credibility of the witnesses, whether a plaintiff has sustained the burden of showing probable cause to sustain the validity of its claim. We decide only whether the determination of the trial court constituted clear error." *Greenberg, Rhein & Margolis, Inc.* v. *Norris-Faye Horton Enterprises, Inc.*, 218 Conn. 162, 166, 588 A.2d 185 (1991); *Bank of Boston Connecticut* v. *Schlesinger*, 220 Conn. 152, 156–57, 595 A.2d 872 (1991); *New England Land Co.* v. *DeMarkey*, 213 Conn. 612, 620–21, 569 A.2d 1098 (1990); *Augeri* v. *C. F. Wooding Co.*, 173 Conn. 426, 429, 378 A.2d 538 (1977). The defendants in this case have not sustained their burden of showing clear error.

The judgment is affirmed.