ALAN GREENBERG ET AL. *v.* MORTGAGE SERVICES ASSOCIATES, INC., ET AL.

SAMUEL R. MOSIER *v.* JOSEPH D. RAFFONE ET AL. (14543)

Foti, Lavery and Spear, Js.

Argued April 30—officially released June 25, 1996

*Thomas E. Crosby,* for the appellants (defendants).

*Albert J. Barr,* with whom was *Michael W. Santagata,* for the appellees (plaintiffs).

*Richard Blumenthal,* attorney general, and *Stephen R. Park,* assistant attorney general, filed a brief for the state of Connecticut as an amicus curiae.

PER CURIAM. The sole issue in this appeal is whether the trial court abused its discretion in granting a prejudgment remedy in an action for fraud. In *Nash* v. *Weed & Duryea Co.*, 236 Conn. 746, 749, 674 A.2d 849 (1996), our Supreme Court stated: "In the absence of a procedural flaw in prejudgment remedy proceedings; see, e.g., *Hotz Corp.* v. *Carabetta*, 226 Conn. 812, 816–17, 629 A.2d 377 (1993); appellate courts have only a limited role to play in reviewing a trial court's broad discretion to deny or to grant a prejudgment remedy. 'It is the trial court that must determine, in light of its assessment of the legal issues and the credibility of the witnesses, whether a plaintiff has sustained the burden of showing probable cause to sustain the validity of its claim. We decide only whether the determination of the trial court constituted clear error.' *Greenberg, Rhein & Margolis, Inc.* v. *Norris-Faye Horton Enterprises, Inc.*, 218 Conn. 162, 166, 588 A.2d 185 (1991); *Bank of Boston Connecticut* v. *Schlesinger*, 220 Conn. 152, 156–57, 595 A.2d 872 (1991); *New England Land Co.* v. *DeMarkey*, 213 Conn. 612, 620–21, 569 A.2d 1098 (1990); *Augeri* v. *C. F. Wooding Co.*, 173 Conn. 426, 429, 378 A.2d 538 (1977)."

After reviewing the record and briefs in this case, we are convinced that the defendants have not sustained their burden on appeal.

The judgments are affirmed.