[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, NAB Asset Venture III, Limited Partnership, has applied for a prejudgment remedy, General Statutes § 52-278a
et seq., seeking an attachment of the assets of the defendant, Michael Parrella, including the defendant's interest in certain specific motor vehicles, in the amount of $100,000. The plaintiff bases its claim on a $200,000 promissory note, in the form of a commercial revolving loan, executed by the defendant on October 4, 1989 in favor of the Brookfield Bank.
The plaintiff alleges that it is the assignee of this note, and that a principal balance of approximately $78,000 plus interest remains unpaid. The defendant claims that he has fully paid this note, and that, in any event, because the applicable statute of limitations has expired, the plaintiff may no longer maintain this action.
The court's role in granting or denying a prejudgment remedy CT Page 6501 is to: "determine, in light of its assessment of the legal issues and the credibility of the witnesses, whether a plaintiff has sustained the burden of showing probable cause to sustain the validity of its claim." (Internal quotation marks omitted.) Nashv. Weed Duryea Co., 236 Conn. 746, 749, 674 A.2d 849 (1996). A court may grant a prejudgment remedy if the plaintiff has shown probable cause that a "judgment in the amount of the prejudgment remedy sought . . . taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff." General Statutes § 52-278 (a); Nashv. Weed Duryea Co., supra, 747 n. 1. "Prejudgment remedy proceedings do not address the merits of the action; they concern only whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action . . . . In acting on a prejudgment remedy motion, the trial court must evaluate the arguments and evidence produced by both parties to determine whether there is probable cause to sustain the validity of the plaintiff's claim . . . . [T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiff's claim by weighing probabilities . . . . Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action . . . . The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." (Citations omitted; internal quotation marks omitted.) Tyler v. Schnabel, 34 Conn. 216, 219-20,641 A.2d 388 (1994),
At a hearing held to address the plaintiff's application for prejudgment remedy, the evidence disclosed that, when the defendant established his $200,000 line of credit, he pledged to Brookfield Bank approximately 613,000 shares of stock of Noise Cancellation Technologies (NCT), a company of which he was the president. The stock was pledged pursuant to an agreement between the defendant and Brookfield Bank. This agreement was embodied in a letter from Brookfield Bank to Gruntal Company, Inc., the defendant's stockbroker, which read: "Per the instructions of Michael J. Parrella we hereby deliver to you 613,520 shares of Noise Cancellation Technologies, Inc. These shares are to be held in escrow and upon sale of the stock 50% of the proceeds are to be remitted to Brookfield Bank, up to $200,000. In the event sale of the stock will not cover $200,000 to Brookfield Bank under the CT Page 6502 50% remittance, the $200,000 is to be remitted to us and the balance to Mr. Parrella."
This stock referred to in this agreement was sold over time for a total sales price of approximately $228,000, and 50 percent of the proceeds were applied to the payment of the $200,000 loan. These payments are reflected on a "loan history card," which was admitted in evidence as a business record. The defendant claims that the entire proceeds of the sale of NCT stock was used to pay off the $200,000 loan, but the debit slips from his checking account at Brookfield Bank reflect payment on the note of 50 percent of the sales proceeds, not 100 percent, and these amounts correspond with the credits reflected on the loan history card. The defendant also contends that the Brookfield Bank's records are confused because in 1988, one year prior to the 1989 loan which is the subject of the present action, the defendant executed a note for $75,000 payable to Brookfield Bank. However, the loan history card and debit slips contradict this argument.
Regarding his statute of limitations argument, the defendant claims that the relevant statute at the time he executed the $200,000 loan in the form of a demand note, was General Statutes § 52-576 (a), which contains a limitation of six years within which to commence an action on any contract in writing. This time period would have expired in October, 1995, prior to the commencement of this action. However, on October 1, 1991, before this action was commenced, General Statutes § 42a-3-118 (b) was enacted and it provides in pertinent part that, "if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within six years after the demand. "
The defendant has not asserted that the plaintiff or its assignors did not make such a demand within the six years prior to the commencement of this action in 1996. General Statutes § 42a-3-118 (b) is deemed controlling because it was in effect at the time this action was commenced and should be applied retroactively. Miller v. Kirshner, 225 Conn. 185, 203,621 A.2d 1326 (1993) ("We have held that, unless considerations of good sense and justice dictate otherwise, provisions affecting the period of limitation on liability may be retroactively applied"); Aetna Life Casualty Co. v. Braccidiferro,34 Conn. App. 833, 850, 643 A.2d 1305 (1994) ("A statute of limitations is generally considered to be procedural, especially when the statute contains only a limitation as to time with respect to a CT Page 6503 right of action and does not itself create the right of action").
Even if General Statutes § 52-576 (a) were to be deemed applicable to this present action, it would have been tolled by the payment of principal and interest well within the statutory six year limit. See Zapolsky v. Sacks, 191 Conn. 194, 198,464 A.2d 30 (1983)("Partial payment of a debt which is barred by the statute of limitations removes a case from the statute provided that, under the circumstances, it constitutes an acknowledgment of the indebtedness sued upon as a then existing debt").
Although a different result could ensue when these issues are fully explored at a trial, at this stage of the proceedings, the plaintiff has shown probable cause to sustain the validity of its claim. Hence, a prejudgment remedy of an attachment of the defendant's estate, including stock, motor vehicles, and People's Bank, Bridgeport, or successor, as garnishee, may issue, in the amount of $100,000, to cover principal and interest on the note at issue in this case.
So Ordered.
Dated at Stamford, Connecticut, this 10th day of December, 1996
William B. Lewis, Judge