[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Dated June 17, 1997
In a previous lawsuit involving these parties, Chase Manhattan Bank, N.A. (Chase) brought an action against Stephanie Shea based upon a multimillion dollar loan made from Chase to a CT Page 6893 corporation in which Shea was both a director and the president. Chase instituted that previous action against Shea after the debtor corporation and a corporation that guaranteed the loan, in which Shea was also a director and the president, defaulted on the loan and filed for bankruptcy. In the previous action, Chase obtained an ex parte prejudgment attachment on Shea's real property. That attachment was eventually vacated due to a finding that Chase could not satisfy its burden of proving probable cause by clear, precise and unequivocal proof, the standard of proof required in an action for fraud. Chase Manhattan Bank, N.A. v.Shea, Superior Court, judicial district of Stamford, Docket No. 102197 (May 18, 1990, Lewis J.), affirmed, 24 Conn. App. 169,586 A.2d 634, cert. denied, 218 Conn. 908, 588 A.2d 1384 (1991). Chase thereafter withdrew its civil cause of action against Shea.
The plaintiff, Shea[1], brought this action against the defendant, Chase, alleging in counts one and two, respectively, a claim under the vexatious litigation statute, General Statutes § 52-568, and a claim under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b. Shea filed a motion for partial summary judgment, as to liability on counts one and two of her complaint.
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Bourquinv. Melsungen, 40 Conn. App. 302, 313, 670 A.2d 1322, cert. denied, 237 Conn. 909, 657 A.2d 456 (1996).
Shea's motion for partial summary judgment as to liability in counts one and two of her complaint is based upon the doctrine of collateral estoppel. Chase raises three issues as to why Shea's motion should be denied: (1) the burden of proof in the present case has shifted to Chase and is a lesser burden than in the previous case; (2) Shea's use of her fifth amendment right not to incriminate herself in the prior case will unfairly affect Chase CT Page 6894 in the present case; and (3) the issue of probable cause decided in the prior case is different from the probable cause issue in the present case.
"Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. . . . In order for collateral estoppel to apply, [moreover], there must be an identity of issues, that is, the prior litigation must have resolved the same legal or factual issue that is present in the second litigation." (Citation omitted; internal quotation marks omitted.) Connecticut National Bank v. Rytman, 241 Conn. 24, 38, (1997).
Chase's third reason for denying Shea's motion for summary judgment is correct. The lack of probable cause required to obtain a prejudgment remedy is different from the lack of probable cause required under a claim for vexatious litigation. "[I]n the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted."DeLaurentis v. New Haven, 220 Conn. 225, 256, 597 A.2d 807
(1991). In the case of a prejudgment remedy, "the trial court . . . must determine, in light of its assessment of the legal issues and the credibility of the witnesses, whether a plaintiff has sustained the burden of showing probable cause to sustain the validity of its claim." (Internal quotation marks omitted.) Nash v. The Weed And Duryea Company, 236 Conn. 746,749, 674 A.2d 849 (1996). Therefore, the determination of probable cause in an action for vexatious litigation turns on the defendant's state of mind concerning the allegedly vexing litigation. However, the determination of probable cause required to obtain a prejudgment remedy is based upon the actual validity of the main claim for which the prejudgment remedy is sought. SeeMidstate Electronics Co. v. Nova Electronics, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 334782 (November 12, 1993, Fraccase, J.). Accordingly, the issue of probable cause in the context of a claim for vexatious litigation has never been adjudicated between these parties. Shea's motion for partial summary judgment as to count one of her complaint is denied.
The second count of Shea's complaint, for a violation of CT Page 6895 CUTPA, is based upon the theory that the previous action instituted by Chase was a sham lawsuit. Shea correctly points out in the memorandum in support of her motion for partial summary judgment that the standard for a sham lawsuit is the same as the probable cause standard in a vexatious litigation cause of action. See Memorandum In Support of Stephanie Shea's Motion For Partial Summary Judgment Based On Collateral Estoppel, p. 14; see also Gamlestaden PLC v. Backstrom, Superior Court, judicial district of Stamford, Docket No. 130060 (May 17, 1995, Karazin, J.). Therefore, collateral estoppel does not apply to the sham lawsuit issue in the present case and Shea's motion for summary judgment on count two of her complaint is also denied. The court need not reach the other two reasons, given by Chase, as to why Shea's motion for summary judgment should be denied.
D'ANDREA, J.