[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR PARTIAL SUMMARY JUDGMENT
Prior Action
CT Page 14222
Chase Manhattan Bank, N.A. ("Chase") brought an action against Stephanie Shea ("Shea") on August 24, 1989 alleging that Shea made fraudulent misrepresentations which induced Chase to make a multimillion dollar loan to a corporation of which Shea was the director and president. Chase Manhattan Bank, N.A. v.Shea, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 102197 (May 18, 1990, Lewis, J.), aff'd,24 Conn. App. 169, 586 A.2d 634, cert. denied, 218 Conn. 908,588 A.2d 1384 (1991). The corporation, and another corporation which guaranteed the loan whose director and president was also Shea, defaulted on the loan and filed for bankruptcy. Shea thereafter repeatedly asserted her fifth amendment rights. Shea asserted her fifth amendment rights in an October 30, 1989 deposition on a related case against another defendant, in a hearing on a motion to vacate an ex parte prejudgment attachment and in her answer to the complaint.
The ex parte prejudgment attachment where Shea asserted her fifth amendment rights was levied against Shea's real estate in Darien, Connecticut. Shea moved to vacate the ex parte prejudgment attachment and her motion was granted. The court reasoned that her motion should be granted because Chase could not satisfy its burden of proving probable cause by clear, precise and unequivocal proof, the standard of proof required in an action for fraud. Chase Manhattan Bank, N.A. v. Shea, supra, Superior Court, Docket No. 102197. Chase thereafter withdrew its civil cause of action against Shea on May 2, 1994.
Present Action
The plaintiff, Shea,[1] brought this action against Chase alleging in counts one though four, respectively, vexatious litigation pursuant to Connecticut General Statutes § 52-568, Connecticut Unfair Trade Practices Act (CUTPA) violations pursuant to General Statutes § 42-110b, intentional infliction of emotional distress and prima facie tort. Chase successfully moved to strike counts three and four. The surviving claims at issue in this litigation are counts one and two, the vexatious litigation claim and the CUTPA claim.
Thereafter, Shea filed a motion for partial summary judgment as to liability on both counts one and two. Shea's motion for partial summary judgment, as to both counts, was denied. Shea v.Chase Manhattan Bank, Superior Court, judicial district of CT Page 14223 Norwalk/Stamford at Stamford, Docket No. 149647 (June 17, 1997,D'Andrea, J.) (19 CONN. L. RPTR. 642).
Chase has now filed its own motion for partial summary judgment as to counts one and two. Chase moves on the grounds that Shea's invocation of the fifth amendment gave Chase probable cause to continue its suit against Shea as a matter of law.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384, now Practice Book (1998 Rev.) § 17-49. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment] . . ." (Brackets in original; citations omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554-55, 707 A.2d 15 (1998).
Chase argues that it is entitled to partial summary judgment inasmuch as it had sufficient probable cause to pursue its claim on and after October 30, 1989, the date Shea first asserted her rights against self-incrimination. Shea argues that partial summary judgment is inappropriate for two reasons. First, whether a plaintiff in a prior action lacked probable cause is not purely an issue of law, where, as here, there are questions of fact concerning allegations of false and misleading statements made by one of Chase's representatives. Second, Shea's invocation of the fifth amendment does not constitute a basis for partial summary judgment as a matter of law. Chase counters that the factual disputes raised by Shea are irrelevant to its motion. Furthermore, Chase argues that Shea cannot show that Chase lacked probable cause.
"A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action, whereas a malicious prosecution suit implies a prior CT Page 14224 criminal complaint. To establish either cause of action, it is necessary to prove want of probable cause . . ." Vandersluis v.Weil, 176 Conn. 353, 356, 407 A.2d 982 (1978). Moreover, both a vexatious suit and a CUTPA suit require that the party bringing the prior suit lack probable cause. Shea v. Chase, supra,19 CONN. L. RPTR. 643, citing Gamlestaden PLC v. Backstrom, Superior Court, judicial district of Stamford, Docket No. 130060 (May 17, 1995, Karazin, J.). A finding of probable cause will be sustainable where there is a "bona fide belief in the essential of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances in entertaining it . . ." (Citations omitted; internal quotation marks omitted.) DeLaurentis v. NewHaven, 220 Conn. 225, 256, 597 A.2d 807, 823 (1991).
With regard to the fifth amendment privilege, the prevailing rationale is that "[t]he privilege does not . . . forbid the drawing of adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." Olin Corp. v. Castells, 180 Conn. 49, 53,428 A.2d 319 (1980).
Applying the law to the facts of this case, there are questions of material fact to be resolved before this court can determine whether there is want of probable cause. Shea correctly raises the issue of alleged false statements made under oath by one of Chase's representatives. These alleged false statements have a bearing on the issue of probable cause. Given that these false statements may determine the issue of probable cause they are material, and partial summary judgment consequently is denied as to both the vexatious claim and the CUTPA claim.
With regard to Chase's fifth amendment argument there is no requirement that an adverse inference tantamount to a finding of probable cause be made. The decisional language of Olin v.Castells, supra, 180 Conn. 53, does not forbid the drawing of adverse inferences against parties who refuse to testify in civil actions. Not forbidding the drawing of adverse inferences is qualitatively different than finding that there is probable cause as a matter of law when a party raises the fifth amendment in a civil action. This court, consequently, concludes that probable cause is not found as a matter of law when the fifth amendment is raised in a civil action. CT Page 14225
Chase's motion for partial summary judgment is, therefore, denied because material issues of fact exist with regard to the alleged false statements made under oath by one of Chase's representatives, and because raising the fifth amendment in a civil action, without more, does not require a finding of probable cause as a matter of law.
D'ANDREA, J.