JOSEPH D. SOLTESZ *v.* JOHN H. MILLER, JR.
(AC 18755)

Foti, Spear and Hennessy, Js.

Argued September 14—officially released December 14, 1999

*Timothy P. Kennedy*, with whom, on the brief, was *Robert C. Pinciaro*, for the appellant (plaintiff).

*Philip F. von Kuhn*, with whom, on the brief, was *Anthony D. Sutton*, for the appellee (defendant).

*Opinion*

FOTI, J. The plaintiff appeals from the judgment of the trial court denying his application for a prejudgment remedy.[1] He claims that the trial court improperly concluded that because he had uninsured-underinsured

---

[1] The granting or denial of a prejudgment remedy is deemed a final judgment for purposes of appeal. General Statutes § 52-278*l* (a).

motorist coverage available to him in excess of the defendant's insurance coverage, there was adequate insurance coverage under General Statutes § 52-278d. We reverse the judgment and remand the case to the trial court for further proceedings.

Our review of the record and the briefs of the parties discloses the following.[2] The plaintiff, Joseph D. Soltesz, brought an action against the defendant, John H. Miller, Jr., seeking monetary damages for serious and permanent injuries sustained by the plaintiff as a result of the alleged negligence of the defendant in causing an automobile accident. At that time, the defendant possessed motor vehicle liability insurance with a policy limit of $100,000; the plaintiff possessed a policy with $300,000 in underinsured motorist coverage.

The plaintiff filed an application for prejudgment remedy pursuant to General Statutes § 52-278c seeking to attach sufficient property to secure a sum greater than $100,000.[3]

On August 17, 1998, the parties were present in court for a prejudgment attachment hearing, pursuant to General Statutes § 52-278d.[4] Upon being informed by counsel for the defendant that the plaintiff had uninsured-underinsured motorist insurance coverage in the amount of $300,000, the trial court denied the plaintiff's application indicating that there was adequate insurance coverage available. This appeal followed.

---

[2] The trial court filed neither a written memorandum of decision nor a signed transcript of its findings.

[3] The plaintiff's application stated that he sought "damages in excess of $250,000 thereby leaving a prejudgment remedy sought in the amount of $150,000."

[4] General Statutes § 52-278d provides in relevant part: "(a) The defendant shall have a right to appear and be heard at the hearing. The hearing shall be limited to a determination of . . . (2) whether payment of any judgment that may be rendered against the defendant is adequately secured by insurance . . . ."

A hearing on an application for prejudgment remedy "is not a full-scale trial on the merits of the plaintiffs' claims . . . but rather concerns only whether and to what extent the plaintiff is entitled to have property of a defendant held in custody of the law pending final adjudication of the merits of the action." (Citations omitted.) *Bosco* v. *Arrowhead by the Lake, Inc.*, 53 Conn. App. 873, 874, 732 A.2d 205 (1999). Appellate review of the trial court's decision is limited to whether it was clearly improper and whether the trial court's conclusion was reasonable. Id., 875. "In the absence of a procedural flaw in prejudgment remedy proceedings . . . appellate courts have only a limited role to play in reviewing a trial court's broad discretion to deny or to grant a prejudgment remedy." (Citation omitted.) *Nash* v. *Weed & Duryea Co.*, 236 Conn. 746, 749, 674 A.2d 849 (1996).

The issue of "whether a court session at which the parties are represented by counsel, introduce affidavits and make legal argument generally constitutes a 'hearing' within the meaning of § 52-278d (a) and sufficiently safeguards against the deprivation of property without due process of law" was recognized but not addressed by our Supreme Court. *Hotz Corp.* v. *Carabetta*, 226 Conn. 812, 815–16, 629 A.2d 377 (1993). It is clear that a "hearing" must allow the defendant an opportunity to present evidence in opposition to the plaintiff's motion for prejudgment remedy. Id., 817. It seems equally obvious that a plaintiff is entitled to a hearing to establish what is required under the statute. Failure to furnish the opportunity for such a hearing for either party is a procedural flaw requiring a remand. The record before us leads us to conclude that the plaintiff was not afforded an evidentiary hearing pursuant to § 52-278d (a).[5]

---

[5] Our review of the unsigned transcript shows a dialogue between the trial court and each counsel. There were neither stipulations nor affidavits submitted. No testimony was presented. During the course of the short

The judgment is reversed and the case is remanded for an evidentiary hearing pursuant to § 52-278d (a).

In this opinion the other judges concurred.

conversation on record, counsel for the defendant stated to the court: "If we have the hearing, Your Honor will hear evidence about . . . ." Neither counsel appear to have considered that appearance before the trial court as an "evidentiary hearing."

The trial court also stated, relative to the underinsured motorist coverage, that "I find that there is—if there's anything further I'll hear it, otherwise—with regard to this limited issue of coverage. If not, I'm prepared to enter a finding." The record does not disclose that the parties waived an evidentiary hearing.