[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
On July 6, 2000, the plaintiffs, William Christiaanse and Carol Christiaanse, filed an application for prejudgment remedy against the defendants, John Dubyoski, individually, and doing business as J.D.'S Construction, Diamond Pools Spas of Fairfield County, Diamond Pools 
Spas LLC, Diamond Pool, Inc., Diamond Pools Spa LLC, Diamond Pool Inc., Diamond Pools Spa LLC, Diamond Pool, Inc., J.D.'s Construction, LLC and Diamond Pools, LLC. The plaintiffs allege that there is probable cause that a judgment in an amount equal to or greater than the prejudgment remedy sought, taking into account any known defenses, counterclaims or set-offs. Thus, the plaintiff's request that the court attach $100,000 of the defendants' real and personal property. The plaintiffs have submitted a proposed three-count complaint alleging claims for unfair or deceptive CT Page 12262 trade practices, violations of the home improvement act and breach of contract.
In support of their application, the plaintiffs have submitted the affidavit of William Christiaanse. William Christiaanse affirms that on September 22, 1999, he and his wife entered into a contract with the defendants for the purchase and installation of an in ground fiberglass swimming pool at their home, and that they believed that the contract price was approximately $32,000. William Christiaanse further affirms that he and his wife made five payments to Dubyoski, totaling $61,083.
At the hearing, Dubyoski testified that the plaintiffs are not owed any money because the $32,000 contract price represents the purchase and installation of a basic swim-ready pool, including seven hours of machine use. Dubyoski testified that the plaintiffs requested more expensive materials and additional services, including rock excavation, landscaping and tile installation. With all of the additional services requested by the plaintiffs, Dubyoski testified that the total contract price is approximately $145,000.
"[General Statutes § 52-278d permits a court to grant a prejudgment remedy if the plaintiff has shown probable cause to sustain the validity of his claim . . . . Prejudgment remedy proceedings do not address the merits of the action; they concern only whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action." (Citation omitted; internal quotation marks omitted.) Tyler v. Schnabel,34 Conn. App. 216, 219, 641 A.2d 388 (1994). "A hearing on an application for prejudgment remedy is not a full-scale trial on the merits of the plaintiff's claims . . . but rather concerns only whether and to what extent the plaintiff is entitled to have property of a defendant held in custody of the law pending final adjudication of the merits of the action." (Internal quotation marks omitted.) Soltesz v. Miller,56 Conn. App. 114, 116, 741 A.2d 335 (1999).
"In acting on a prejudgment remedy motion, the trial court must evaluate the arguments and evidence produced by both parties to determine whether there is probable cause to sustain the validity of the plaintiffs' claim. . . . [T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiffs' claim by weighing probabilities. . . . Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action. . . . The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." (Citations CT Page 12263 omitted; internal quotation marks omitted.) Tyler v. Schnabel, supra,34 Conn. App. 219-20.
In the present case, the court finds that the original contract was for the purchase and installation of a swimming pool at a cost of approximately $32,000. The contract provided that any alteration or deviation from the original specifications would result in extra charges over and above the original estimate. (See Plaintiffs's Exhibit A.) Because there appears to have been substantial additional services provided on the contract at an additional cost of approximately $30,000, the court finds that the plaintiffs have failed to establish probable cause that they will recover the amount of the prejudgment remedy sought. Therefore, the plaintiffs's application for prejudgment remedy is denied.
The Court
By Grogins, J.