[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PREJUDGMENT REMEDY
The plaintiffs in the above-entitled matter have made an application for a prejudgment remedy relating to an underlying civil action, filing the necessary documentation. After appropriate notice, the court held a hearing with regard to the same on August 24, 2001 and subsequent days, at which both parties were represented and presented evidence supporting their respective claims.
The issue before the court is whether either of the plaintiffs has established probable cause as to any of their claims, and the amount of damage as to which probable cause is established. Nash v. Weed Durvea236 Conn. 746, 749 (1990); Calfee v. Usman, 224 Conn. 29, 37 (1992). Section 52-278d authorizes a trial court to issue a prejudgment attachment upon a determination of "whether or not there is probable cause that a judgment is the amount of the prejudgment remedy sought, or an amount greater than the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff." The Supreme Court stated in Calfee v. Usman,
supra, 224 Conn. 36-37:
 The trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits. New England Land Co. v. DeMarkey,
supra, 213 Conn. 620-21. The hearing on probable cause CT Page 13468-gb for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim.
 . . . The court's role in such a hearing is to determine probable success by weighing probabilities. Id., 620. Moreover, this weighing process applies to both legal and factual issues. Augeri v. C.F. Wooding Co., 173 Conn. 426, 429 (1977); Babiarz v. Hartford Special, Inc. 2 Conn. App. 388-393 (1984); Bank of Boston Connecticut v. Schlesinger, 220 Conn. 152, 156
(1991); see also Three S. Development Co. v. Santore, 193 Conn. 174, 175-76 (1984).
"In the absence of clear error [we] should not overrule the thoughtful decision of the trial court, which has had the opportunity to assess the legal issues which may be raised and to weigh the credibility of . . . witnesses." Augeri v. C.F. Wooding Co., supra, 426, 429, 378 A.2d 538
(1977) (parentheses and ellipses added).
In their complaint, the plaintiffs have set forth the following claims. Count one is brought on behalf of the minor plaintiff who alleges what is captioned "Intentional Sexual Assault." Count two is brought on behalf of the minor plaintiff who alleges "Negligent Sexual Assault." Count three is brought on behalf of the minor plaintiff who alleges negligent infliction of emotional distress. Count four, on behalf of the minor plaintiff alleges an intentional infliction of emotion distress. Count five is a claim of false imprisonment brought on behalf of the minor plaintiff. The sixth count claims intentional infliction of emotional distress as to the mother of the minor, individually. Count seven alleges a negligent infliction of emotional distress brought by the minor plaintiff's mother in her own right. Finally, Count eight sets forth a claim by the mother for medical expenses related to the claims.
No testimony was offered specifically with regard to the claims of Jane Coe, individually. Accordingly, any application on her behalf for a prejudgment remedy is denied. With regard to the allegations contained in Counts three and four, on behalf of the plaintiff, Jane Doe, the court finds that the plaintiff has met the burden of establishing probable cause taking into account the defenses, counterclaims or set-offs of the defendant. Because that finding entitles that plaintiff to the granting of the application no consideration need be given to her other claims. CT Page 13468-gc
With regard to the amount of damages as to which probable cause is established, after considering all of the evidence presented, including the testimony, the exhibits and the medical records, the court grants the prejudgment remedy attachment on the property described in the application to the extent of the sum of $20,000.
Robert C. Leuba Senior Judge