[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: DEFENDANT'S MOTION FOR ORDER TO RELEASE ACCOUNTS (#111)
This is a dissolution of marriage action which was returnable on March 19, 2002. By letter dated March 8, 2002 the plaintiff's attorney notified one or more financial institutions that ". . . pursuant to certain automatic orders of the court, any monies, funds, accounts, lines of credit, etc., including but not limited to Account Nos. . . . held in the name of either of the above-referenced parties, . . . are hereby frozen. A copy of the automatic court orders is enclosed herewith. Please be advised that you are hereby given actual notice of the Connecticut Court's order which prohibits either party from dissipating assets. Any distribution which you make may be challenged to the extent that it violates the Court order as determined by the Court. You are hereby CT Page 7025 notified that any further payments you make henceforth shall be challenged."
The defendant seeks an order that the plaintiff's counsel notify the financial institutions which received the letter that there is no "freeze" on the defendant's accounts. The parties have submitted written briefs on the issue of whether the financial institutions which received the letter from plaintiff's counsel are bound by the automatic orders so that the defendant's accounts are "frozen." The defendant's motion should be granted.
The letter from plaintiff's counsel implies that there is a court order which restrains the financial institution from permitting the defendant to have access to his funds on deposit. The use of the word "frozen" creates this clear implication. There is no court order restraining the financial institution from disbursing funds from accounts in the defendant's name. The automatic orders do not bind third parties. The authorities cited by the plaintiff are not persuasive. The Court agrees with the defendant's argument that the letters sent by plaintiff's counsel amount to prejudgment garnishments without a hearing in violation of the defendant's right to due process of law. See, C.G.S. Section 52-287d and Hotz Corporation v. Carabetta, 226 Conn. 812 (1993).
Therefore, within seven (7) days the plaintiff is ordered to send letters to all of the financial institutions who received previous letters stating that the accounts are not "frozen" and there is no court order directed to the financial institution. Copies of these letters shall be sent to defendant's counsel. The issue of counsel fees and damages shall be deferred until the trial.
Pickard, J.