[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE AND MOTION FOR SANCTIONS
Before this court is the plaintiff's, Richard Savitt, motion to strike and motion for sanctions filed on June 4, 2002, and the defendant, Condon Olderman Realty, objection to the motion to strike, filed on June 13, 2002.[1]
 FACTS
The following facts and procedural history are relevant to the court's decision. The plaintiff is Richard Savitt, the assignee of all the rights and interests of the law firm, Condon Savitt, P.C. The defendants are Condon Olderman Realty, and its partners, Richard Olderman, Kevin Condon, Thomas Condon, Kathleen Condon, Herbert Savitt, and the plaintiff, Richard Savitt. This action arises out of the plaintiff's attempt to recover alleged excess rental payments made by Condon Savitt, P.C. to the defendants.
On January 29, 2001, the plaintiff filed an application for a prejudgment remedy seeking to attach the defendants' property located at 400 Main Street, Ansonia, Connecticut. As part of the application, the plaintiff filed a two count complaint. Count one of the complaint seeks damages for breach of contract, while count two seeks damages under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42a-110 et seq. After a hearing, the court determined that the plaintiff failed to show the existence of probable cause, and therefore, denied the application on April 30, 2001 (Moran, J.).
On May 2, 2001, the plaintiff proceeded on the underlying action by serving both the original summons and complaint on the defendants. In response, the defendant Olderman filed an answer, seven special defenses, and a counterclaim on May 30, 2002. In his counterclaim, Olderman alleges that the plaintiff's cause of action is vexatious, and CT Page 13726 therefore in violation of General Statutes § 52-568, because the court has already denied the plaintiff's application for a prejudgment remedy, which contained the same complaint.[2]
The plaintiff now moves to strike Olderman's counterclaim. The plaintiff also moves for sanctions against David Skolnick, Olderman's attorney. Olderman has filed a memorandum of law in opposition to the plaintiff's motion to strike.
 DISCUSSION
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim."Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 496,495 A.2d 286 (1985). "It is fundamental that in determining the sufficiency of a [counterclaim] challenged by a . . . motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.)Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). "[I]f facts provable in the [counterclaim] would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Doe v. Yale University, supra, 252 Conn. 667. With this standard in mind, the court now turns to the merits of the plaintiff's motion.
 I
In his counterclaim, Olderman alleges that the plaintiff's current action is vexatious, and therefore, in violation of § 52-568. In a vexatious litigation action such as this, "it is necessary to prove want of probable cause, malice and a termination of [the] suit in the plaintiffs' favor. . . . [Establishing] a cause of action for vexatious suit requires proof that a civil action has been prosecuted not only without probable cause but also with malice. . . . It must also appear that the litigation claimed to be vexatious terminated in some way favorable to the defendant therein." (Citations omitted; internal quotation marks omitted.) QSP, Inc. v. Aetna Casualty Surety Co.,256 Conn. 343, 361, 773 A.2d 906 (2001).
The plaintiff moves on the ground that Olderman's counterclaim should be stricken as it fails to allege that the action claimed to be vexatious terminated in Olderman's favor. Specifically, the plaintiff contends that CT Page 13727 the court's denial of the plaintiff's application for a prejudgment remedy does not constitute a termination of the action in favor of Olderman.
Olderman, however, counters that the denial of the plaintiff's application for a prejudgment remedy is sufficient to support an action under § 52-568. Because a denial of an application for a prejudgment remedy is considered a final judgment for purposes of appeal, the plaintiff argues, the denial of an application for a prejudgment remedy should be considered a termination of litigation for purposes of §52-568.
"A hearing on an application for prejudgment remedy is not a full-scale trial on the merits of the plaintiff's claims. but rather concerns only whether and to what extent the plaintiff is entitled to have property of a defendant held in custody of the law pending final adjudication of the merits of the action." (Internal quotation marks omitted.) Soltesz v.Miller, 56 Conn. App. 114, 116, 741 A.2d 335 (1999). Because a denial of an application for a prejudgment remedy is not a final adjudication on the merits of an action, it is submitted that a "[d]enial of a prejudgment remedy application does not constitute an action upon which a lawsuit for vexatious litigation may be based. Wisnioski v. Ladizki,
Superior Court, judicial district of Hartford, Docket No. 597336 (October 4, 2001, Peck, J.) (30 Conn.L.Rptr. 474); see Delugan v. Allen, Superior Court, judicial district of Hartford, Docket No. 563950 (April 3, 1997, Sullivan, J.); Knickerbocker v. Village Apartments Properties, Inc.,
Superior Court, judicial district of Litchfield, Docket No. 058389 (September 23, 1992, Pickett, J.) (7 C.S.C.R. 1218); Dinnis v. Roberts,
Superior Court, judicial district of New Haven, Docket No. 296974 (January 3, 1991, Dorsey, J.). Accordingly, the plaintiff's motion to strike is granted.
 II
The plaintiff also moves for sanctions against Skolnick, Olderman's attorney. The plaintiff argues that sanctions should be imposed because Skolnick filed a frivolous counterclaim for vexatious litigation under § 52-568. The plaintiff argues that Skolnick stated that he would not withdraw the counterclaim for the sole reasons that Olderman refused to grant Skolnick authority to do so.
It is well settled law in Connecticut that the determination of whether to impose sanctions is a "discretionary action of the trial court. . . ."Millbrook Owners Assn. v. Hamilton Standard, 257 Conn. 1, 15,776 A.2d 1115 (2001). "[T]rial courts have the inherent authority to impose CT Page 13728 sanctions against an attorney and his client for a course of claimed dilatory, bad faith and harassing litigation conduct, even in the absence of a specific rule or order of the court that is claimed to have been violated." Id., 9-10. The court should "regard a sanctions order against an attorney as having both a compensatory and a deterrent purpose. It is designed both to compensate the adversarial side for its expenses in defending against the bad faith litigation conduct, and to deter the offending attorney from repeating his misconduct by requiring him to make that compensation." CFM of Connecticut, Inc. v. Chowdhury,239 Conn. 375, 402, 685 A.2d 1108 (1996), overruled in part on other grounds, State v. Salmon,250 Conn. 147, 154-55, 735 A.2d 333 (1999).
The record before the court demonstrates professional incivility, it does not demonstrate that Skolnick filed the counterclaim in bad faith and hence the plaintiff's motion for sanctions is denied.
 CONCLUSION
For the foregoing reasons, plaintiff's motion to strike is granted. Plaintiff's motion for sanctions is denied.
HOLDEN, J.