MARVIN S. SAVIN *v.* NATIONAL PERSONNEL
CONSULTANTS, INC., ET AL.
(2617)

DUPONT, C.P.J., BORDEN and GLASS, Js.

Argued June 10—decision released July 30, 1985

*Eric Onore,* with whom, on the brief, was *Stephen F. McEleney,* for the appellant (named defendant).

*Glenn T. Terk,* with whom, on the brief, was *Mark C. Greer,* for the appellee (plaintiff).

GLASS, J. This is an appeal from an order granting a prejudgment remedy to the plaintiff against the defendants.

This action was brought by the plaintiff, Marvin S. Savin, against the defendants, Ann Roberts and National Personnel Consultants, Inc. (NPC), to recover damages in connection with the leasing and the reasonable value of the use and occupancy of office space. The individual defendant, Roberts, has not appealed the prejudgment remedy order. During the oral argument in this court, the corporate defendant, NPC, conceded that the trial judge's order for a prejudgment remedy was appropriate. The sole question, therefore, in this case is whether it was error for the trial court to grant the plaintiff's application for a prejudgment remedy in the amount of $35,000.

The facts underlying the plaintiff's claims are as follows: At the time of the commencement of this action on April 12, 1983, the plaintiff made an application for a prejudgment remedy requesting, inter alia, a garnishment of funds owed by several banks to NPC and Roberts, its president, in the amount of $35,000. In support of the application, the plaintiff attached a summons, an unsigned complaint, a proposed order, and two affidavits. The pleadings, including the unsigned complaint and attached documents, were served on the

defendants and a hearing on the application was scheduled for May 9, 1983. Thereafter, the hearing was continued from May 9, 1983, and rescheduled for May 16, 1983.

The plaintiff's original unsigned complaint was in one count consisting of allegations that he had entered into a written lease with both defendants, and that both defendants had breached the lease causing the plaintiff to suffer money damages. On May 13, 1983, the plaintiff filed and served on the defendants a signed amended complaint in two counts. See Practice Book § 175. The amended complaint consists of not only separate but also different claims against the defendants. The first count consists of allegations that are essentially the same as the one count in the unsigned original complaint, except the lessee in the lease is alleged to be Roberts only. The second count consists of allegations that NPC occupied the subject premises and, as a result, the plaintiff is seeking money damages from the corporate defendant for the reasonable value of the use and occupancy of the premises. Thus, at the time of the hearing on the application, there were no claims against NPC under the written lease allegedly executed by the plaintiff and Roberts.

At the hearing, evidence was adduced showing that on June 2, 1982, the plaintiff, as landlord, entered into a written lease with Ann Roberts "d/b/a National Personnel Consultants, Inc.," as "tenant," for a term of two years and nine months commencing on June 1, 1982, and terminating on February 28, 1985. The plaintiff's rental agent, Ronald DiVicino, testified that the defendants vacated the premises without notice in December, 1982, and had failed to pay any rent for the period from November 1, 1982, to the date of the hearing on May 16, 1983. He stated that he had shown and advertised the premises and that a new tenant had agreed to take occupancy as of June 1, 1983. Additional

evidence was presented through DiVicino showing that the cost of renovating the premises for the new tenant, according to building standard allowances, was $12,425.16. He stated that the rent from June 1, 1982, through February 28, 1983, was $26,995.89, payable in installments of $2249.66 per month, and that the rent from March 1, 1983, to February 28, 1984, was $34,108.06, payable in installments of $2842.34 per month. The parties stipulated that the balance of the rent due under the provisions of the lease was $17,525.66, making a total for renovation and rent of $29,950.82. Roberts was called as a witness and testified that she was the president and a director of NPC, that the corporate defendant occupied the premises during the period claimed by the plaintiff, and that the monthly rent due for the period from June to October, 1982, was paid by corporate checks of the defendant corporation with the exception of one payment.

The trial court granted the plaintiff's application for a prejudgment remedy against both defendants in the amount of $35,000. From that decision NPC appeals to this court.

NPC's concession that the prejudgment remedy order was appropriate with respect to the second count of the amended complaint leaves for consideration only its challenge on the narrow issue of the amount of the order. Particularly relevant to this issue and a dominant concern in its determination are the allegations in the amended complaint. "The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. *Board of Education* v. *Commission on Human Rights & Opportunities,* 177 Conn. 75, 77, 411 A.2d 40 (1979); *Lundberg* v. *Kovacs,* 172 Conn. 229, 232, 374 A.2d 201 (1977). It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations in his complaint. *Kawasaki Kisen Kaisha, Ltd.* v. *Indomar,*

*Ltd.,* 173 Conn. 269, 272, 377 A.2d 316 (1977); *Strimiska* v. *Yates,* 158 Conn. 179, 185, 257 A.2d 814 (1969); *Nash Engineering Co.* v. *Norwalk,* 137 Conn. 235, 239, 75 A.2d 496 (1950). 'A plaintiff may not allege one cause of action and recover upon another. Facts found but not averred cannot be made the basis for a recovery.' *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213 (1952); *Schaller* v. *Roadside Inn, Inc.,* 154 Conn. 61, 65, 221 A.2d 263 (1966)." *Francis* v. *Hollauer,* 1 Conn. App. 693, 694–95, 475 A.2d 326 (1984).

In his amended complaint, the plaintiff has restricted his cause of action against NPC to the reasonable value of the use and occupancy of the office space during the period of time that the defendant NPC occupied the premises. Whether the two affidavits, other documentary evidence and the testimony at the hearing would have been sufficient to support a finding of the probable validity of the plaintiff's claim against NPC, based upon the lease, is no longer an issue in this case because in the amended complaint, all claims arising from the lease and its breach are against Roberts in the first count and are abandoned and excluded from the allegations in the second count against NPC. Most of the evidence at the hearing pertaining to damages concerned the damages suffered as a result of the alleged breach of the lease. Since the liability of NPC under the amended complaint is limited to the claim of the reasonable value of its use and occupancy of the premises, the plaintiff should be allowed to present evidence of the damages suffered, if any, in support of this claim. See *Essex Group, Inc.* v. *Ducci Electric Co.,* 181 Conn. 524, 436 A.2d 16 (1980); *Mullai* v. *Mullai,* 1 Conn. App. 93, 94–95, 468 A.2d 1240 (1983). We have considered the other claims asserted by the parties and have found them to be lacking in merit or irrelevant to the issues joined in this case.

There is error in part, the judgment is set aside to the extent that it granted a prejudgment garnishment in the amount of $35,000 against the defendant National Personnel Consultants, Inc., and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.