DIANNE MICCI *v.* DOMINICK J. THOMAS, JR., ET AL.
(AC 17934)

Foti, Schaller and Hennessy, Js.

Argued February 18—officially released September 21, 1999

*Ian Angus Cole,* for the appellant (defendant James E. Cohen).

*Sheldon A. Messinger,* for the appellee (plaintiff).

*Opinion*

HENNESSY, J. The defendant James E. Cohen appeals[1] from the trial court's granting of the plaintiff's

---

[1] The defendants in this case are Dominick J. Thomas, Jr., Sally M. Thomas and James E. Cohen. The plaintiff claimed that Dominick J. Thomas, Jr., transferred his interest in certain real property to Sally M. Thomas to avoid his obligation to the plaintiff. The application for prejudgment attachment was granted, however, only against Cohen's property, and only he has appealed from the trial court's order. We refer in this opinion to Dominick J. Thomas, Jr., as Thomas.

application for a prejudgment attachment of certain of Cohen's real property. On appeal, he claims that the trial court improperly determined that the plaintiff, Dianne Micci, was a third party beneficiary of a contract because there was no evidence of an intent by either the promisors or the promisee to assume a direct obligation to the plaintiff. We agree and reverse the judgment of the trial court.

The following facts are relevant to the disposition of this appeal. On October 25, 1995, the defendant Dominick J. Thomas, Jr.,[2] and Cohen entered into an agreement with Eugene Micci setting forth the terms of the dissolution of their partnership with Eugene Micci concerning the law firm of Micci, Cohen and Thomas. The termination agreement provided in relevant part that Cohen and Thomas would pay to Eugene Micci the sum of $72,785 in installments as the firm settled any negligence and property damage suits. At the time the termination agreement was signed, Eugene Micci was divorced from the plaintiff and was obligated to pay her alimony and child support.

In 1996, the plaintiff served Eugene Micci with a motion for contempt for failure to pay his periodic alimony and support obligations and claimed that the court ordered him to pay her 70 percent of the sums that he received from his former law firm under the termination agreement in lieu of support payments.[3] Thomas and Cohen subsequently began sending the payments owed to Eugene Micci to the plaintiff.

The plaintiff, however, stopped receiving payments from Thomas and Cohen in 1997. The plaintiff thereafter filed an application for a prejudgment attachment of real property owned by Cohen and real property that

---

[2] See footnote 1.

[3] No written order was produced by either party and none is contained in the record.

had been transferred by Thomas to his wife, the defendant Sally M. Thomas. The application was accompanied by a two count complaint against the defendants. The trial court granted the plaintiff's application as to the Cohen property only. The court's decision was based on its determination that the plaintiff was a third party beneficiary to the termination agreement and entitled to payment by Thomas and Cohen. The trial court concluded that the intent of the promisee, Eugene Micci, was crucial and that the intent of the promisors, Thomas and Cohen, was irrelevant in deciding third party beneficiary status.[4] Accordingly, the trial court found that Eugene Micci's testimony was sufficient to create probable cause to grant the prejudgment remedy. This appeal followed.

As a preliminary matter, we note that this court has "only a limited role to play in reviewing a trial court's broad discretion to deny or grant a prejudgment remedy." *Greenberg* v. *Mortgage Services Associates, Inc.*, 41 Conn. App. 882, 883, 677 A.2d 984 (1996) (per curiam). "It is the trial court that must determine, in light of its assessment of the legal issues and the credibility of the witnesses, whether a plaintiff has sustained the burden of showing probable cause to sustain the validity of its claim. We decide only whether the determination of the trial court constituted clear error." *Greenberg, Rhein & Margolis, Inc.* v. *Norris-Faye Horton Enterprises, Inc.*, 218 Conn. 162, 166, 588 A.2d 185 (1991).

"[T]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct

---

[4] The trial court relied on *Grigerik* v. *Sharpe*, 45 Conn. App. 775, 699 A.2d 189 (1997), in reaching its decision. We note that that case was overturned in *Grigerik* v. *Sharpe*, 247 Conn. 293, 721 A.2d 526 (1998).

obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties." (Internal quotation marks omitted.) *Grigerik* v. *Sharpe*, 247 Conn. 293, 311–12, 721 A.2d 526 (1998); see also *Knapp* v. *New Haven Road Construction Co.*, 150 Conn. 321, 325, 189 A.2d 386 (1963); *Colonial Discount Co.* v. *Avons Motors, Inc.*, 137 Conn. 196, 201, 75 A.2d 507 (1950). "[T]he intent of *both* parties, rather than just one of the parties to a contract, determines whether a third party is to be afforded third party beneficiary status under a contract." (Emphasis added.) *Grigerik* v. *Sharpe*, supra, 317.

Applying that standard to the facts here, we conclude that the trial court's determination that there was probable cause for the plaintiff to prevail on her third party beneficiary claim was clearly erroneous. First, there is no evidence that Thomas and Cohen intended to create a direct obligation to the plaintiff when they signed the termination agreement. In fact, Cohen testified to the contrary; when asked if it was his intent at the time he entered into the agreement to create a benefit to the plaintiff, Cohen replied, "No, it was not." There was no evidence put forth by the plaintiff to contradict that testimony. Second, while Eugene Micci testified that the payments from the termination agreement were supposed to benefit the plaintiff "indirectly,"[5] there is no evidence that he intended to create a *direct obligation* on the part of Thomas and Cohen to the plaintiff at the time the termination agreement was signed. "The intent to confer a *benefit* is irrelevant to the determination of whether [the plaintiff] was a third party benefi-

---

[5] During the prejudgment remedy hearing, Eugene Micci testified that he had intended "indirectly" that the plaintiff be a beneficiary of the termination agreement with his former law partners, stating, "That's how I planned on paying my alimony and child support since I had no other source of income."

ciary." (Emphasis added.) *Gateway Co.* v. *DiNoia,* 232 Conn. 223, 231, 654 A.2d 342 (1995). Rather, the appropriate inquiry is whether "the parties . . . intended to create a *direct obligation* from one party . . . to the third party." (Emphasis in original.) Id. Because neither Thomas and Cohen nor Eugene Micci intended to create a direct obligation to the plaintiff, we conclude that the trial court's determination that the plaintiff is a third party beneficiary of the termination agreement is clearly erroneous.

The judgment is reversed and the case is remanded with direction to render judgment denying the application for a prejudgment remedy.

In this opinion the other judges concurred.