[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE OF BRIDGEPORT HOUSING AUTHORITY
After the court, Skolnick, J., struck all of the plaintiffs claims against the Bridgeport Housing Authority, the plaintiff filed a Second Revised Complaint, dated June 30, 1999, in which he added some additional allegations to the counts found by Judge Skolnick not to have stated causes of action. The defendant Bridgeport Housing Authority ("Authority") has moved to strike all counts of the Second Revised Complaint that are addressed to it. The Authority filed a request for adjudication of that motion on February 7, 2001.
In his second revised complaint, the plaintiff, Nathaniel Plotkin, alleges that he is an attorney with whom defendant Laljeebhai R. Patel discussed "his interest and availability to serve in the capacity of legal counsel on the development team" of a group assembled to propose to CT Page 3258 build a housing development for the Bridgeport Housing Authority. He alleges that he agreed to join the development team as legal counsel and that Patel asked him to prepare a fee agreement. He alleges that the development team on whose behalf Patel had approached him submitted a proposal to the Authority and that the Authority entered into a contract with two members of the alleged "team," Creative Choice Homes, Inc. and CCH Bridgeport, LLC, but that the contract failed to identify the plaintiff as a party, though his name appeared in the contract as "one of the approved consultants on the project." He alleges that none of the defendants responded to his proposed fee agreement and that they have refused to allow him to perform services as legal counsel to the contracting parties.
The Authority has moved to strike the plaintiffs claims against it in Count Three, in which the plaintiff alleges breach of a contract to which he was a third party beneficiary; Count Four, in which the plaintiff alleges breach of the implied covenant of good faith and fair dealing; and Count Five, in which the plaintiff alleges that the Authority, along with the other defendants, tortiously excluded the plaintiff from sharing in the obligations and benefits of the contract it entered into with other defendants.
The Authority also moved to strike the claims against it in counts nine and ten, in which the plaintiff sought a declaratory judgment and an injunction, respectively. The plaintiff briefed his opposition to the motion to strike the ninth and tenth counts of the Second Revised Complaint; however, at oral argument on February 26, 2001, his counsel advised the court that he withdraws his objection to the motion to strike those counts. Since the plaintiff has not actually filed a withdrawal of those counts, the court hereby grants the motion to strike counts nine and ten.
Standard of Review
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Sherwood v. Danbury Hospital, 252 Conn. 193, 213 (2000);Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-215 (1992); Ferryman v. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. The role of the trial court is to examine the complaint, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action. ATC Partnershipv. Windham 251 Conn. 597, 603, cert. denied, 120 S.Ct. 2217 (1999); Doddv. Middlesex Mutual Assurance Co., 242 Conn. 375, 378 (1997); Napoletanov. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33, cert. denied, 117 S.Ct. 1106 (1990). CT Page 3259
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff;Gazo v. Stamford, 255 Conn. 245, 260 (2001); Bohan v. Last, 236 Conn. 670,675 (1996); Sassone v. Lepore, 226 Conn. 773, 780 (1993); NovametrixMedical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215; Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235, 239 (1993). Conclusory statements or statements of legal effect not supported by allegations of fact will not enable a complaint to withstand a motion to strike. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985); Fortini v. NewEngland Log Homes, Inc., 4 Conn. App. 132, 134-35, cert. dismissed,197 Conn. 801 (1985).
Third Count
In the third count of the second revised complaint, the plaintiff seeks recovery on the basis of being a third party beneficiary to the contracts between the developers and the Authority. The ultimate test to be applied in determining whether a person has a right of action as a third party beneficiary is whether the intent of the parties to the contract was that the promissor should assume a direct obligation to the third party beneficiary; and that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties. Gazo v. Stamford,255 Conn. 245, 261 (2001); Grigerik v. Sharpe, 247 Conn. 293, 311-12
(1998); Micci v. Thomas, 55 Conn. App. 14, 16-1 (1999). "The intent ofboth parties, rather than just one of the parties to a contract, determines whether a third party is to be afforded third party beneficiary status under a contract. (Emphasis added.) Grigerik v.Sharpe, supra, 247 Conn. 317." Micci v. Thomas, supra, 55 Conn. App. 17.
In Grigerik v. Sharpe, supra, the Supreme Court rejected the view that a third party's own expectations, or the intent of the contracting party with whom that third party was allied could, alone, confer third party beneficiary status:
 The law regarding the creation of contract rights in third parties in Connecticut is equally well settled. In Knapp v. New Haven Road Construction Co., 150 Conn. 321, 325 . . . (1963), we quoted Colonial Discount Co. v. Avon Motors, Inc., 137 Conn. 196, 201
. . . (1950), and reaffirmed that "[t]he ultimate test CT Page 3260 to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the promissor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances of its making, including the motives and purposes of the parties. . . . Rooting the range of potential third parties in the intention of both parties, rather than in the intent of just one of the parties, is a sensible way of minimizing the risk that a contracting party will be held liable to one whom he neither knew, nor legitimately could be held to know, would ultimately be his contract obligee.
Grigerik v. Sharpe, supra, 247 Conn. 312.
In the complaint at issue in the Authority's motion, the plaintiff has alleged only that "20. The Plaintiff, as an approved consultant and members (sic) of the joint venture identified in the Contract to provide legal services on the development team, is a third party beneficiary of the Contract between the BHA and CCHI." The plaintiff has alleged no facts concerning any intent by the Authority to confer benefits on the plaintiff. On the contrary, at paragraph 15 of his complaint the plaintiff alleges that "BHA and CCHI intentionally excluded the other members of the team from the contract."
The plaintiff has failed to allege facts that would, if proven, support the conclusion that the parties intended that he be a third party beneficiary. As is pointed out above, the conclusory allegation that he has such status is insufficient.
The motion to strike the third count is granted.
Fourth Count
In this count, the plaintiff alleges breach of an implied duty of good faith and fair dealing in performing obligations under a contract. The plaintiff has not alleged that he was a named party in a contract with the Authority. As is detailed above, he has not alleged facts that would support a finding that he was a third party beneficiary, and for that reason the motion to strike the third count has been granted.
The Connecticut Supreme Court has recognized as an implied term in a contract a duty of good faith and fair dealing. Gupta v. New BritainCT Page 3261General Hospital, 239 Conn. 574, 598 (1996); Habetz v. Condon,224 Conn. 231, 238 (1992); Warner v. Konover, 210 Conn. 150, 155 (1989). The recognition of such duties has been found to arise only when there is a contract between the parties. In the absence of a contract, there can be no cause of action for breach of a duty of good faith and fair dealing with respect to a contract.
The motion to strike the fourth count is granted.
Fifth Count
In the fifth count, the plaintiff alleges that all defendants "undertook to prohibit and exclude the Plaintiff and various members of the team from participating in negotiations, entering into the contract (as contractual parties) with [the Authority] and sharing in the obligations and benefits of the contract." and that the Authority "actively concealed from the plaintiff . . . information concerning the contract with [the Authority]" and assisted other defendants in "depriving the Plaintiff of his contractual rights." Second Revised Complaint, Count Five, paras. 20, 22. The plaintiff characterizes such conduct as "willful, wanton and reckless actions" taken in "complete disregard for the damage that would likely be caused to the Plaintiff." Second Revised Complaint, Count Five, paras. 21, 22.
These allegations assume that a party to a contract has a legal duty to nonparties to provide them with information concerning a contract and to protect rights that the nonparties assert to participate in the subject matter of the contract despite their nonparty status. As the Supreme Court noted in Gazo v. Stamford, 255 Conn. 250, supra:
 the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . . The first part of the test invokes the question of foreseeability, and the second part invokes the question of policy.
While injury to a person who wishes to be benefitted by a contract is foreseeably caused if that person is not made a party, the public policy, confirmed by the Supreme Court in Gazo v. Stamford, supra, CT Page 3262255 Conn. 261, is to recognize a duty of care only to those whom the parties to the contract intended to benefit. Accordingly, a plaintiff who has not established third party beneficiary status may not cite the contract as the source of obligations unless, as in Gazo v. Stamford,
some other public policy is applicable. In that case, the public policy found to be applicable was the policy, expressed at § 324 of the Restatement (Second) of Torts, that services undertaken for the protection of others from physical harm should create an obligation to those to be protected. Since the contract at issue is a commercial development project whose object is the building of housing units for compensation, § 324 is inapplicable.
The plaintiff has failed to allege facts that support a finding of a duty of care, a necessary basis for a claim of reckless, willful or wanton misconduct.
The motion to strike this count is therefore granted.
Conclusion
The motion to strike the claims against the Bridgeport Housing Authority in counts three, four, five, nine and ten of the Second Revised Complaint is granted. No claims remain against the defendant Bridgeport Housing Authority.
Beverly J. Hodgson Judge of the Superior Court