[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF THIRD-PARTY DEFENDANTS RICHARD MARNICKI AND MARNICKI ASSOCIATES, INC.
In the above-captioned case, the plaintiffs, Dean Yimoyines and Linda Yimoyines, claim that Classic Turf Company and Turner H. Eren (collectively, "Classic Turf") negligently constructed an indoor tennis court on the plaintiffs' property and that the project was abandoned after town officials imposed a stop order on construction. Classic Turf filed a counterclaim against Richard Marnicki and Marnicki Associates, Inc. (collectively "Marnicki"), alleging that these third-party defendants had contracted to design the engineering plans for the site, foundation and drainage for the facility and that they had performed their services negligently. Marnicki alleged in its fourth special defense that it is immune from liability to Classic Turf because Classic Turf signed a release and waiver releasing Marnicki from liability and waiving Classic Turf's right to bring any action against Marnicki related to the project.
Marnicki has moved for summary judgment on the merits of this fourth special defense.
 I. Standard of Review for Summary Judgment
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " LaFlamme v. Dallessio, 261 Conn. 247, 250
(2002); QSP, Inc. v. Aetna Casualty Surety Co., 256 Conn. 343, 351
(2001); Alvarez v. New Haven Register, Inc., 249 Conn. 709, 714 (1999);Nichols v. Lighthouse Restaurant, Inc., 246 Conn. 156, 163 (1998);Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 481 (1997); Practice Book § 17-49. CT Page 1514
The party moving for summary judgment bears the burden of proving the absence of a genuine dispute as to any material fact; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v.Double A Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent's Medical Center,252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital, 252 Conn. 193, 201 (2000); Serranov. Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-47 (1990); Forte v. Citicorp Mortgage, Inc., 66 Conn. App. 475
(2001). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1998); Telescov. Telesco, 187 Conn. 715, 718 (1982).
 II. Is the Release Enforceable?
Marnicki seeks judgment on the third-party complaint on the basis that Classic Turf released Marnicki in writing from any liability for the Yimoyines tennis court project. Marnicki attached to his motion a letter dated Monday, December 6, 1999, and signed by Turner Eren as president and chief executive officer of Classic Turf. The text of that letter, which is addressed to Marnicki Associates, Inc. is as follows:
 Enclosed please find the final payment of $1,500.00 for your engineering services on the Yimoyines Tennis Court project.
This represents payment in full and you are hereby released of any liability for design work you have performed and we hereby waive our right and agree not to bring action against you in relation to this project. CT Page 1515
Classic Turf asserts that this letter does not operate to release Marnicki because Classic Turf intended only to release Marnicki from any obligation to stay on the project, not from liability, and because Marnicki did not provide consideration for the release.
Marnicki asserts that the text set forth is enforceable as a contract and is to be interpreted pursuant to the principles that apply to contracts. Marnicki has not, however, presented any affidavit alleging that it negotiated for the release or provided consideration of any type to Classic Turf in return for the release. Classic Turf has filed an affidavit of Turner Eren in which he states that he sent Marnicki the text set forth above because one of the plaintiffs, Dr. Dean Yimoyines, wanted to hire another engineer, and because the new engineer, Joseph Calabrese, "advised me that I needed to send a letter to Mr. Richard Marnicki to release Marnicki from the project so that Calabrese could commence his analysis." Defendant Eren further states in his affidavit that Calabrese supplied the text, and that Eren sent the December 6, 1999 letter to Marnicki "because I was instructed by Dr. Yimoyines' agent, Joseph Calabrese, that the letter was necessary in order for Dr. Yimoyines to hire Mr. Calabrese to analyze the project." The undisputed facts thus establish only that Classic Turf unilaterally represented that it would not sue Marnicki.
It is a well-established principle of the law of contract that "a promise is generally not enforceable unless it is supported by consideration." D'Ulisse-Cupo v. Board of Directors of Notre Dame HighSchool, 202 Conn. 206, 213 (1987); A. Corbin, Contracts (1963) § 193, p. 188.
A party who makes a promise may be liable for the fulfillment of that promise under the principle of promissory estoppel, however, if the promise is one that the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forebearance. Id.; Sheets v. Teddy's FrostedFoods, Inc., 179 Conn. 471, 475 (1980); Restatement (Second), Contracts § 90 (1973).
Marnicki has presented no evidence that it acted or forebore from acting in any way because of Classic Turf's promise, and it is has not invoked the doctrine of promissory estoppel.
In support of its motion for summary judgment, Marnicki has cited cases concerning the enforcement of releases entered into as a part of an agreement between the party that issued the release and the party released. Muldoon v. Homestead Insulation Co., 231 Conn. 469, 472
CT Page 1516 (1994). In Muldoon v. Homestead Insulation Co., the release at issue was issued in return for a payment in the amount of $19,500 to settle a workers' compensation claim. That case does not involve the enforceability of a unilateral promise, but rather the enforceability of a contract by which the parties explicitly assumed stated obligations to one another. While Marnicki accurately cites another case, Levine v.Massey, 232 Conn. 272 (1995), as holding that contracts are to be interpreted according to their express language, this basic observation does not address the issue in the instant case, in which the release has not been shown to be the product of any contract.
Marnicki asserts that even though it did not receive the release pursuant to any contract with Classic Turf, and even if promissory estoppel does not apply, it can enforce the release as the third-party beneficiary of a contract between Classic Turf and the new engineer.
The test to be applied in determining whether a person has an enforceable right as a third-party beneficiary of a contract entered into by others is whether there was a contract between the other parties and whether it was the intent of both parties to that contract that one or both of them would assume a direct obligation to the third party. Gazov. City of Stamford, 255 Conn. 245, 267 (2001); Grigerik v. Sharpe,247 Conn. 293, 311-12 (1998); Micci v. Thomas, 55 Conn. App. 14, 16-17
(1999).
Marnicki asserts that Classic Turf entered into a contract with Calabrese to have Calabrese become the new engineer on the project and that the release of Marnicki was a condition imposed by Calabrese in return for agreeing to do so. Marnicki has not presented any evidence that Classic Turf requested that Calabrese work on the project or that Classic Turf entered into any contract or agreement with Calabrese at all, let alone for the benefit of Marnicki. On the contrary, defendant Eren states in his affidavit that Dr. Yimoyines contracted with Calabrese, and that Classic Turf sent the letter merely because Calabrese, without consideration, asked him to do so. At paragraph 12 of his affidavit, Eren denies that he or Classic Turf had any intent to release Marnicki from any and all liability for the project.
Marnicki has failed to establish that the promise expressed in Classic Turf's letter is enforceable either pursuant to a contract with Classic Turf, pursuant to promissory estoppel, or pursuant to a contract entered into between Calabrese and Classic Turf.
 III. Conclusion
For the foregoing reasons the motion for summary judgment on Marnicki's fourth special defense is denied.
Beverly J. Hodgson
Judge of the Superior Court CT Page 1517
[EDITORS' NOTE: This page is blank.] CT Page 1518